UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YAJAIRA DE LOS ANGELES VEGA RUGAMA,<br><br>         Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, PAMELA JO BONDI, Attorney General, TODD M. LYONS, Acting Director, Immigration and Customs Enforcement, JESUS ROCHA, Acting Field Office Director, San Diego Field Office, CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>         Respondents. | Case No.: 26-cv-3424-JES-MMP<br><br>**ORDER:**<br><br>**(1) REQUIRING A RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS AND TRO;**<br><br>**(2) SETTING BRIEFING SCHEDULE; and**<br><br>**(3) STAYING REMOVAL OF PETITIONER TO PRESERVE JURISDICTION**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Yajaira De Los Angeles Vega Rugama's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") and motion for Temporary Restraining Order ("TRO"), filed on June 5, 2026. ECF Nos. 1, 2.

Respondents are **ORDERED TO SHOW CAUSE** as to why the Petition and TRO should not be granted by filing a Response no later than 5:00 p.m. on **Wednesday, June 10, 2026**. The Response shall include **any documents relevant to the determination of**

1

**the issues raised in the Petition and TRO** and address whether an evidentiary hearing on the Petition and TRO is necessary. Respondent **SHALL SERVE** a copy of the Response on the Petitioner. Petitioner may file an optional Traverse in support of the Petition and TRO no later than 5:00 p.m. on **Thursday, June 11, 2026**. After the petition has been fully briefed, the Court will determine whether it is appropriate to take the matter under submission or if oral argument will be required.

To preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from this District unless and until the Court orders otherwise. *See Doe v. Bondi*, Case. No. 25-cv-805-BJC-JLB, 2025 WL 1870979 at *2 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether it has subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (citing cases); *A.M. v. LaRose et al.*, 25-cv-01412, ECF No. 2 (S.D. Cal. June 4, 2025) ("Pursuant to Petitioner's request for a Temporary restraining order, the Court hereby (1) RESTRAINS and ENJOINS Respondents, their agents, employees, successors, attorneys, and all persons in active concert and participation with them, from removing Petitioner A.M. from the United States or this District pending further order of this Court"); *see also A.A.R.P v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicant and to preserve [] jurisdiction over the matter."); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2097979, at *3 (W.D. Wash. July 25, 2025) (enjoining the Respondents from removing Petitioner without approval from the court).

**IT IS SO ORDERED.**

Dated: June 5, 2026

Honorable James E. Simmons Jr.
United States District Judge

2

26-cv-3424-JES-MMP